JOSEPH FRY, defendant below, *vs.* LEMUEL COOK, plaintiff below----*IN' ERROR.*

A party cannot be estopped from pleading the general issue, and thus putting the plaintiff upon proof of his declaration.

An estoppel can only be replied where the party pleads some particular fact or matter, as to which he is concluded, either as party or privy.

If, on a trial under the general issue, any fact is involved, as to which the party is concluded by a verdict in another action, the verdict may be given in evidence to the jury.

THE action below was trover for a yoke of oxen.

Plea, the general issue ; to which the plaintiff replied by way of estoppel, as follows :---

And the said *Lemuel Cook* saith, that the said *Joseph Fry* ought not to be admitted or received to plead the said plea by him above pleaded, as to so much thereof wherein he alleges that he is not guilty of the premises above laid to his charge, in manner and form as the said Lemuel Cook hath above thereof complained against him, because he says, that the said defendant, to wit, at *Concord,* in the county aforesaid, on the 14th day of September, A. D. 1824, prayed out his writ of attachment, of that date, against one *Zacheus Cook,* of *Lunenburg,* in the county aforesaid, signed by *J. S. Johnson,* Esq. one of the justices of the peace within and for the county of *Essex* aforesaid, and returnable to said justice on the 25th day of said September, at 9 o'clock in the forenoon, at the dwelling-house of *John Fry,* in said Concord, in which said Fry declared against the said Zacheus Cook, in a plea of trespass on the case, for that on the 25th day of May, at said Concord, the said Zacheus Cook, intending to injure, deceive and defraud the said Joseph Fry, did encourage him to buy of the said Zacheus a pair of oxen, six years old, of the value of seventy dollars ; and at the time of the sale of said oxen, the said Zacheus falsely and fraudulently affirmed, that said oxen belonged to him, and thereby caused the said Joseph Fry to purchase said oxen of the said Zacheus, and the said Joseph paid and satisfied the said Zachaus for said oxen ;----whereas, in truth and in fact, at

the time of the said affirmation and delivery, the said Zacheus was not the owner of said oxen, but said oxen belonged to one Lemuel Cook, and the said Zacheus knew the same.----And the said Fry duly entered his said action against the said Zacheus ; whereupon the parties, to wit, the said Joseph Fry and said Zacheus Cook, then and there appeared, and the said cause was, by order of said justice's court, continued to the 2d day of October then next, at 1 o'clock in the afternoon, at the same place----at which time and place the said parties, to wit, the said Joseph Fry and the said Zacheus Cook, being called, appeared, and after a full hearing of the said parties, their evidence and allegations, judgment was by said justice's court rendered, that the said Joseph recover of the said Zacheus the sum of eighty-one dollars and twenty-seven cents, damages, and nine dollars and sixty-seven cents, costs of suit ; and it was further by said justice's court adjudged, that the said cause of action accrued from the wilful and malicious act of the said Zacheus Cook, as by the records of said justice's court, here ready in court to be produced, may appear; and the said Joseph thereupon, to wit, on the said second day of October, prayed out a writ of execution on the judgment aforesaid, in due form of law, of that date, signed by said *J. S. Johnson,* by virtue of which the said Zacheus has been arrested and committed to the common jail, in Guildhall, in said county of Essex, and the said Zacheus is yet confined within the prison aforesaid, by virtue of the commitment aforesaid ; and the said judgment in favour of said Joseph against the said Zacheus, yet remains, and is not annulled or reversed ;---all which, as by the records of the said justice's court, here ready to be produced, may appear. ----And the plaintiff avers that he is the identical *Lemuel Cook* named in the said declaration of the said Joseph against the said Zacheus : all which the said Lemuel Cook is ready to verify by the record.---Wherefore the said plaintiff prays judgment if the said defendant ought to be admitted or received against the said record to plead the plea above pleaded in this suit, that he is not guilty of the premises above laid to his charge, in manner and form as the said plaintiff hath above thereof complained against him : wherefore he prays judgment for his damages and costs.

To this replication there was a demurrer, and judgment that the replication *is sufficient,* &c.---Whereupon the defendant below brought this writ of error, and assigned for errors the following :---

1st. That the plaintiff's declaration was insufficient.

2d. That the matters of estoppel, so by the plaintiff pleaded, as set forth in his replication, are insufficient in law to estop the defendant from pleading the general issue, as aforesaid.

3d. That the plaintiff hath not averred in his said plea of estoppel, that the said writ in favour of said *Joseph Fry* against said *Zacheus Cook,* was ever served on said *Zacheus.*

4th. That the plaintiff hath not averred in his said replica-

tion, that the oxen set forth and declared for by the said *Joseph* against the said *Zacheus*, are the same oxen declared for in this the plaintiff's declaration against the said *Joseph*.

5th. The *general error.*

Plea, *In nullo est erratum.*

The Court, after perusing the record, declined hearing argument for the plaintiff in error.

*Cushman*, for the defendant in error, inquired of the Court their difficulty.

PRENTISS, J. There is nothing appearing in the record, which shows that the defendant below ever had the oxen in his possession. And although the matter contained in the plea of estoppel might be good under the general issue, it is not an answer as an estoppel.

*Cushman*, considering the objection unanswerable, declined arguing the case for the defendant in error.

At a subsequent day in the term,

PRENTISS, J. pronounced the following opinion of the Court.

It is quite inconsistent to suppose that a defendant can in any case be estopped to plead the general issue. He has a right to rely upon this plea, which generally puts the plaintiff upon proof of the whole of the facts alleged in his declaration. An estoppel can be replied only where the defendant alleges or pleads some particular fact or matter, as to which he is concluded, either by his own deed, by a confession of record, or by a verdict finding the same fact or matter in another action between the same parties, or between those to whom the parties stand in the relation of privies. Where the general issue is pleaded, and any particular fact is involved in the issue, which has been found by a verdict in another action, the verdict may be given in evidence to the jury, but cannot be replied by way of estoppel. The defendant in the action below pleaded the general issue, and he had a right thus to put the plaintiff upon proof of property in the oxen in himself, and a conversion by the defendant, and proof of both of these facts was essential to entitle the plaintiff to recover. Admitting that the record of the recovery in the action against *Zacheus Cook*, which was replied as an estoppel, would be at all admissible as evidence of the plaintiff's title to the oxen, it would not show that the defendant acquired the possession of them tortiously, that he had refused to deliver them on demand, or had in any way been guilty of a conversion. Besides, the defendant, under the general issue, if it had been joined, would have been at liberty to prove, and might perhaps have shown, a subsequent sale or letting of the oxen by the plaintiff to him, or that the property was in a third person. The recovery in the first suit did not establish the plaintiff's right to recover in the action below; and if the plaintiff, who was a stranger to that recovery, could avail himself of it at all, it could only be by giving it in evi-

Essex,
March,
1826.

Fry vs. Cook

dence to the jury. The judgment of the county court is clearly erroneous, and must be reversed.

Judgment reversed.

*Cushman,* for the plaintiff below, now moved the Court for leave to amend the pleadings in the action, by waiving the estoppel and joining the general issue.

HUTCHINSON, J. said he saw nothing in the nature of the case which estopped the party from taking that course.

ROYCE, J. Though I at first thought differently, I believe that this Court may now proceed to render a final judgment, and that they ought to do it, unless some special motion is interposed.

PRENTISS, J. I had taken the same view of the case as Judge *Hutchinson,* but I consider this case like that of a general demurrer to the declaration;---judgment is in chief. But the case is open to any motion to alter the pleadings.

*Cushman* therefore renewed his motion, which was granted, under a rule that he pay the costs of this writ of error.

*Hibbard* and *Fletcher,* for the plaintiff in error.

*S. Cushman,* for the defendant in error.